In re John G. LYON and Norma J.
Lyon, Debtors.

John G. LYON and Norma J.
Lyon, Appellants,

v.

UNITED STATES of America and Farmers Home Administration, Appellees.

Bankruptcy No. 88–05214.

Civ. No. A3–88–146.

United States District Court,
D. North Dakota,
Southeastern Division.

Nov. 10, 1988.

Jay D. Carlson, Fargo, N.D., for John G. and Norma J. Lyon.

Vicki Aldridge, Asst. U.S. Atty., Fargo, N.D., for Farmers Home Admin.

## MEMORANDUM AND ORDER

BENSON, Senior District Judge.

On June 8, 1988, the bankruptcy court of this district[1] lifted the automatic stay and permitted the Farmers Home Administration to foreclose its mortgage on the debtors' real estate. On July 7, 1988, it denied the debtors' motion for reconsideration. The debtors appealed. The primary issue presented is whether a debtor's right to cure a defaulted federal real estate mortgage ends with the marshal's sale of the property following foreclosure.

### FACTS

On August 9, 1971, debtors John G. and Norma J. Lyon executed a promissory note in favor of the Farmers Home Administration (FmHA). The note was secured by a mortgage covering two residential lots owned by them. By July, 1987, the Lyons were in default on the note. On January 14, 1988, the United States District Court entered a default judgment of foreclosure against the debtors. On March 10, 1988, the United States Marshal sold the debtors' property at a foreclosure sale. Eight days later, March 18, the debtors filed a petition for relief under Chapter 13 of the Bankruptcy Code. On March 24, the District Court entered an order confirming the sale.

The debtors' plan of reorganization, filed with the March 18 petition, proposed to

---

1. The Honorable William A. Hill, United States Bankruptcy Judge for the District of North Dakota.

cure the default on the loans secured by mortgages on their residential lots, and then continue to make the payments required by the contract. The FmHA objected. It contended that the debtors could not cure the default because the petition was filed after the foreclosure sale. The bankruptcy court held that the debtors' right to cure the default ended with the sale of the property. The debtors took this appeal.

## ISSUES

The appellants present two issues on appeal which they have stated to be:[2]

1. Whether a Chapter 13 debtor is allowed a reasonable time to cure a default in a federal mortgage on his residential homestead, when the bankruptcy petition was filed after the foreclosure sale, but before the sale was confirmed.

2. Whether the United States District Court had jurisdiction to confirm the foreclosure after the debtor had filed a voluntary bankruptcy petition in United States Bankruptcy Court.

## DISCUSSION

1. The Right to Cure a Default Under Chapter 13 Ends with the Foreclosure Sale.

■ In reaching its decision, the bankruptcy court relied on *In re Glenn*, 760 F.2d 1428 (6th Cir.), *cert. denied*, 474 U.S. 849, 106 S.Ct. 144, 88 L.Ed.2d 119 (1985), and *In re Ashton*, 63 B.R. 244 (Bankr.D.N.D.1986). The district court agrees with the decision of the bankruptcy court.

In support of their position appellants cite *Justice v. Valley National Bank*, 849 F.2d 1078 (8th Cir.1988). The issue in *Justice*, decided June 15, 1988, was whether a Chapter 12 plan may allow a debtor to pay the redemption price over a period of time beyond the time limited by state law. *Justice*, 849 F.2d at 1080. The decision considered, among other things, when the right to cure a default ends under chapter 12. Because the chapter 12 cure provisions are, in substance, identical to the chapter 13 cure provisions, the discussion in *Justice* is applicable to this case. *Cf.* 11 U.S.C. § 1222(b)(3) and (b)(5) *with* 11 U.S.C. § 1322(b)(3) and (b)(5). The *Justice* court stated that it was "reluctant to dismiss the unanimous opinion of the circuit courts that no federal interest served by Chapter 13 justifies allowing a debtor to cure default after a foreclosure sale." *Justice*, 849 F.2d at 1086.

*Justice* involved a foreclosure under South Dakota state law and discussed the effect of state law on the right to cure a default on a foreclosed motgage. *Justice* held that the cure provisions have particular reference to contractual mortgage rights. *Id.* at 1084. Because the foreclosure sale, under state law, extinguished the mortgage contract, no right to cure existed. *Id.* at 1080, 1084. That holding is also applicable to federal mortgage foreclosures. The appellants have shown no need for a uniform federal foreclosure rule governing the right to cure a default. *See United States v. Kimbell Foods, Inc.*, 440 U.S. 715, 99 S.Ct. 1448, 59 L.Ed.2d 711 (1970); *Justice* at 1087–88. Reference to North Dakota law for the federal rule is appropriate. Under North Dakota law, only the right of redemption survives the foreclosure sale. This is a statutory and not contractual right. The appellants argue that the need for an order confirming the sale under the federal foreclosure statute compels a different result in this case. The argument is without merit. The order confirming the sale affects the appellants' interests only insofar as it assures a mortgagor that the sale was conducted as required by law. It is a necessary step required to vest title in the purchaser. Although the decision of the bankruptcy court in this case and the *Glenn* decision make no reference to the particular interests surviving after foreclosure sale, the decision reached here is consistent with the teaching of *Glenn*, *Justice* and *Kimbell*.

2. Jurisdiction to Confirm the Sale.

■ The appellants also argue that the district court lacked jurisdiction to confirm

---

**2.** The appellants raised a third issue relating to whether state or federal law is applicable to this case. That issue is subsumed in the discussion of the first.

the marshal's sale because of the automatic stay. *See* 11 U.S.C. § 362. The jurisdiction of the district court to enter the order confirming the foreclosure sale would need to be challenged in the foreclosure case and is not properly before this court in this bankruptcy appeal. Furthermore, the issue is mooted by this affirmance of the bankruptcy court's decision.

The June 8, 1988 order of the bankruptcy court granting the Farmers Home Administration relief from the automatic stay, and the decision and order of the bankruptcy court entered July 7, 1988 denying reconsideration of its June 8 order are AFFIRMED.